OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a review and reversal of a determination of the Commissioner of Education which directed the removal of the chairman of a tenure hearing panel, vacated the decision of that panel, and which further directed a new review of the record and a new decision after the selection of a new panel chairman.
The respondent, Board of Education of the Syracuse City School District (hereinafter referred to as Board), brought four charges containing 13 specifications against the petitioner, a teacher in the city school system alleging, among other things, insubordination, incompetence and conduct unbecoming a teacher. A teacher tenure hearing was held pursuant to section 3020-a of the Education Law before a three-member panel. The hearing panel unanimously found the petitioner not guilty of five of the specifications and a majority of the panel found her not guilty of six additional specifications. A different majority found petitioner guilty of the remaining two specifications. The panel recommended a penalty of a $300 fine.
*136 The respondent Board appealed the decision to the Commissioner of Education pursuant to section 3020-a of the Education Law contending, among other things, that the chairman of the tenure hearing panel “could not be considered as an impartial trier of the facts because he was or became employed and/or retained by the New York State United Teachers (NYSUT) who represented the Respondent-Tenured Teacher.” The Commissioner of Education issued his determination on October 14, 1981 where he found in pertinent part as follows:
“It is apparent from the record before me that the chairperson of the hearing panel is one of eight arbitrators selected to hear disputes between NYSUT and its professional employees. As a member of the arbitration panel, the chairman of the tenure hearing panel could receive remuneration from NYSUT and from its professional employees for his services. Such facts allegedly came to the attention of petitioner subsequent to the close of the hearing.
“I find that the chairperson’s relationship with NYSUT was substantial and should have been disclosed at the earliest opportunity. In the interest of fairness, all teacher tenure hearing panel members should make known any relationship, direct or indirect, that they have with any party to a hearing, and should disclose all facts known to them which might indicate any conflicting interests or create even the appearance of partiality or bias”.
Petitioner has brought this article 78 proceeding to review and reverse that decision of the Commissioner of Education contending that the commissioner has exceeded his authority by determining an issue concerning the composition of the tenure hearing panel and further, that the chairman’s relationship with NYSUT does not demonstrate any conflict of interest or create even the appearance of partiality or bias as a matter of law.
This court must agree with the contention of the petitioner. Mr. Cashen, the tenure hearing panel chairman, was one of eight widely recognized arbitrators who had agreed to resolve disputes arising between NYSUT and a labor union recognized by NYSUT to represent its professional staff. This certainly does not indicate a financial or *137 personal interest or relationship with parties to the dispute over which Mr. Cashen presided. He had no personal relationship with the petitioner Conley or the Board or with any other party. Nor was there any significant basis, financial or otherwise, indicating bias or even the appearance of bias. Mr. Cashen’s position as chairman in the hearing and arbitrator in other disputes involving NYSUT, his dealings with counsel in the two types of matters, and the payment of his fees by adversaries, one of which is NYSUT, fail to even suggest the appearance of impropriety. It was unreasonable to require Mr. Cashen to disclose all of the unrelated matters he sat on as an arbitrator involving a school district, a teacher, NYSUT or any of its affiliated organizations. The commissioner was arbitrary and capricious when he ruled otherwise and the cases relied upon by the respondents are distinguishable.
The decision of the commissioner was arbitrary and capricious and had no rational basis. Therefore, the petition reversing that decision is granted.